Opinion delivered May 25, 1888.

---

No. 6285.

### J. H. BATTE *v.* C. B. & S. J. BECK.

1. SEPARATE PROPERTY OF WIFE.—When a judgment is rendered on a verdict in favor of the wife's claim that land acquired during marriage was purchased with her separate money, and the finding in her favor is sutained by the evidence of the husband and wife alone, which considered by itself is sufficient to warrant the verdict, the judgment will not be reversed merely because there was other evidence tending to throw suspicion on their testimony.

APPEAL from Milam.   Tried below before the Hon. W. E. Collard.

The opinion states the case.

*Henderson & Henderson,* for appellant:   It was the duty of the defendants to show by clear and convincing proof that the lands were purchased with the separate funds or effects of Mrs. S. J. Beck, and, having failed to do so, on the finding of the jury against plaintiff and the refusal of the court below to grant a new trial, this court will reverse the case.   (Huston v. Curl, 8 Texas, 240; Epperson v. Jones, 65 Texas, 427.)

*Ford & Ford,* for appellees:   The deeds to appellee S. J. Beck, under which she holds the lands in controversy, state that the land was paid for out of her separate money, and are prima facie evidence of such fact and the burden of proof is upon the appellant to show that the land was paid for with community funds, and is liable for community debts.   (Morrison v. Clark, 55 Texas, 443.)

If, as stated in appellant's proposition, "it was the duty of the defendants to show by clear and convincing proof, that the lands were purchased with the separate funds or effects of Mrs. S. J. Beck," then the evidence does so show, and the lands being so purchased, were not subject to sale to satisfy the judgment against C. B. Beck, the husband, and appellant acquired no title by such sale.

STAYTON, CHIEF JUSTICE.   This is an action of trespass to try title, brought by the appellant against C. B. Beck and his wife. The appellant claims through a sale under execution against C. B. Beck.   Mrs. Beck claims that the land is her separate estate, and the deeds through which she claims recite that the purchases were made with her separate funds.   The cause was tried with a jury, and resulted in a judgment for Mrs. Beck.

There is no claim that the jury were not correctly instructed as to the law applicable to the case, and the sole ground on which a reversal is sought is that the verdict is contrary to the evidence.   The land was bought in May, 1886, and cost six hundred and thirty dollars.   The father of Mrs. Beck died in 1876 or 1877, and the evidence of all the witnesses shows that she received property from his estate.   The testimony of Beck

and his wife shows that the property so received was sold for eight hundred and fifty dollars, and that with six hundred and thirty dollars of this identical money the land in controversy was paid for.

There was evidence tending to discredit their statements, but it is not of that character or of such overwhelming force as to justify this court in setting aside the verdict. The jury doubtless believed the statements of the appellees, and the mere fact that there was evidence tending to throw suspicion upon their testimony is not sufficient to authorize this court to hold that the conclusion of the jury was erroneous. A discussion of the evidence would serve no useful purpose, and will not be attempted.

We find no error, and the judgment will be affirmed.

*Affirmed.*